WASHINGTON HORSE EXCHANGE v. 'WILSON & McCOY.

(Filed 25 February, 1910.)

**Evidence—Attachment—Examination of Books—Testimony as to Contents, When.**

In proceedings in attachment levied on the proceeds of a draft with bill of lading attached, drawn on plaintiff by defendants in payment for a carload of goods, the draft made payable to a bank, an intervenor, it is competent for the cashier of the bank to testify that the bank books showed that the bank purchased the draft for value before sending it out for collection, and that, at the time the attachment was levied, it was the property of the bank; though he had no personal knowledge of the transaction and had based his testimony upon an examination of the books of the bank. This is of necessity so in a case when the books are without the State, and beyond the jurisdiction of the court, and could not well be introduced without stopping the business of the bank.

APPEAL by plaintiff from *Ward, J.,* December Term, 1909, of BEAUFORT.

The following issue was submitted to the jury: "Is the interpleader, First National Bank of Terre Haute, Indiana, the owner of the proceeds of the draft in question?" The jury answered the issue, "Yes."

The facts are stated in the opinion of the Court.

*Bragaw & Harding* for plaintiff.

*W. C. Rodman* for the intervenor, the First National Bank of Terre Haute.

BROWN, J. Plaintiff instituted suit in the court of a justice of the peace against defendant, and caused attachment to be issued, which was levied upon the proceeds of a draft drawn by defendant on plaintiff, for the purchase money of a carload of hay, shipped by defendant to plaintiff. The plaintiff recovered judgment. The draft made by defendant on plaintiff was payable to the order of the First National Bank of Terre Haute, Indiana, with bill of lading attached.

First National Bank of Terre Haute intervened, alleging ownership of the proceeds of the draft. This was the only question involved in the trial in the Superior Court.

The intervenor offered the deposition of Bertis McCormick, cashier of the First National Bank of Terre Haute, Indiana, and the plaintiff in apt time objected to and moved to strike out the same, upon the ground that it was hearsay, and incompetent.

Plaintiff, at the close of the testimony of the intervenor, requested the court to charge the jury: "That upon all the evi-

dence in this case, the intervenor, First National Bank of Terre Haute, has not proved title to the fund attached, and you will answer the issue 'No.'"

This request was refused, and plaintiff excepted.

The learned counsel for plaintiff bases this instruction upon the theory that the court erred in admitting the testimony of Bertis McCormick, the cashier of the intervenor, and contends that if that be excluded there is no evidence that the Terre Haute bank owned the proceeds of the draft at the time they were attached.

The witness in chief testified that the draft was purchased for value by his bank before it was sent out for collection, and that at the time the attachment was levied it was the property of that bank. Upon cross-examination witness stated that he had no personal knowledge of the transaction, as it was not done through him personally; that he had charge of the books of the bank and had examined them; that they showed that the Terre Haute bank discounted this draft on 8 August, 1907, and forwarded it for collection; that the proceeds were credited to drawers and the bank had never been reimbursed.

It is contended that the cashier's evidence was incompetent and that the books were the only competent evidence.

The books of the intervenor were in Terre Haute, Indiana, beyond the jurisdiction of the court, and could not well be introduced without stopping the business of the bank. The case cited by Major Rodman, the learned counsel for the intervenor, in his well-considered brief, decides the very point against this plaintiff. In the opinion the Supreme Court of the United States says: "The next assignment of error is the admission in evidence of such parts of the deposition of A. L. Turner and C. P. Steers as refer to what appeared or did not appear on the books of the Tioga County Bank." The Court proceeds to say: "When it is necessary to prove the results of voluminous facts or of the examination of many books and papers, and the examination cannot be conveniently made in court, the results may be proved by the person who made the examination. Here the object was to prove, not that the books did, but that they did not show certain things. The results sought to be established were not affirmative, but negative. If such testimony be competent as to the former, *a multo fortiori* must it be so to prove the latter."

We are also inclined to think that the testimony of Dumay was sufficient to take the case to the jury, but it is unnecessary to decide that point in view of our ruling upon the other. The judgment is

Affirmed.